# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

RAY M. DOZIER, JR.                                                                        PLAINTIFF
ADC #150191

v.                                       4:17cv00438-JLH-JJV

DOC HOLLADAY, Sheriff,
Pulaski County; *et al.*                                                         DEFENDANTS

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

## **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the district judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the magistrate judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the magistrate judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the district judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

### **DISPOSITION**

**I.     INTRODUCTION**

Ray M. Dozier, Jr. ("Plaintiff") is incarcerated at the Pulaski County Detention Facility and filed this action *pro se* pursuant to 42 U.S.C. § 1983.  (Doc. No. 2.)  He alleges he was denied his one hour of out-of-cell time for exercising, showering, and making phone calls on February 1, 2017.  (*Id*. at 4.)  Plaintiff states the entire upper level of his unit was denied out-of-cell time on this date, while the lower level received it.  (*Id*.)  After careful review of Plaintiff's Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**II.    SCREENING**

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.   ANALYSIS

For conditions of confinement claims brought by pretrial detainees, the proper inquiry is "whether those conditions amount to punishment of the detainee, for, under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt." *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). However, not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense. *Id*. Specifically, there is a *de minimis* level of imposition with which the Constitution is not concerned. *Id*.

While a claim for the prolonged denial of out-of-cell time might be cognizable, Plaintiff alleges he was denied a single hour of out-of-cell time on a single date. The denial of recreation for a short period, per se, is not a constitutional violation. *Knight v. Armontrout*, 878 F.2d 1093, 1096 (8th Cir. 1989). A plaintiff alleging inadequate out-of-cell recreation time must generally demonstrate a resulting injury or decline in health. *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992); *see also French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985) (lack of exercise may

rise to a constitutional violation "[w]here movement is denied and muscles are allowed to atrophy"). Plaintiff has not alleged any adverse health consequences resulting from the denial of one hour of exercise time. Similarly, the denial of a single shower, without evidence that Plaintiff's hygiene needs were otherwise denied, does not establish the "deprivation of a single, identifiable human need." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991).

In short, Plaintiff has failed to show more than a *de minimis* level of imposition resulting from the denial of out-of-cell time on February 1, 2017. Thus, he has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570. If Plaintiff has additional information that would bolster his allegations, he should include it in his objections to this recommendation.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 17th day of July, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."